UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDEVELOPMENT AGENCY OF THE CITY OF ROSEVILLE, | |
| Plaintiff, | 2:06-CV-0218-MCE-PAN |
| v. | MEMORANDUM AND ORDER |
| MAIDU VILLAGE PHASE III, LP, a California limited partnership; PROJECT GO, INC., a California Nonprofit, public benefit corporation; LYNDA TIMBERS, an individual; MARK SHEPPARD, an individual; and DOES 1-100. | |
| Defendants. | |

_____

///

///

///

///

///

///

///

1

1  ///

2

3  MAIDU VILLAGE PHASE III, LP, a
   California limited
4  partnership; PROJECT GO, INC.,
   a California Nonprofit, public
5  benefit corporation; LYNDA
   TIMBERS, an individual; MARK
6  SHEPPARD, an individual; and
   DOES 1-100.
7
             Counter Claimants,
8
        v.
9
   REDEVELOPMENT AGENCY OF THE
10 CITY OF ROSEVILLE; HOUSING
   AUTHORITY OF THE CITY OF
11 ROSEVILLE, CALIFORNIA; AND
   DOES 1 - 10.
12
             Counter Defendants.
13

14
                    ----oo0oo----
15

16
        Through the present action, Plaintiff and Counter Defendant
17
   Redevelopment Agency of the City of Roseville ("Agency") alleges
18
   that Defendant Maidu Village Phase III, LP ("Maidu"); Project Go,
19
   Inc. ("PGI"); Lynda Timbers; and Mark Sheppard (collectively
20
   "Defendants") violated the terms of a regulatory agreement to
21
   which the Agency and Defendants are parties.  In seeking redress
22
   for that alleged breach, the Agency filed suit in the superior
23
   court of Placer County asking for declaratory and injunctive
24
   relief as well as damages.
25
        Defendants removed the suit to this Court alleging federal
26
   question jurisdiction.  The Agency now seeks to have this action
27
   remanded to the state court.
28

                                   2

1   ///

2   ///

3   For the reasons set forth more fully below, the Agency's Motion

4   to Remand is granted.[1]

5

6                              **BACKGROUND**

7

8       The Agency, in tandem with the Roseville Housing Authority[2]

9   ("Authority"), entered into a series of agreements including loan

10  agreements and a regulatory agreement with PGI, a nonprofit

11  public benefit housing corporation which is the general partner

12  of Maidu Village Phase III, a California limited partnership,

13  which is in turn the owner of a low income apartment complex

14  located in Roseville, California.  The individual Defendants,

15  Lynda Timbers and Mark Sheppard are PGI's Executive Director and

16  the Housing Program Manager, respectively.

17      The regulatory agreement provides that the Authority will

18  use the federal Department of Housing and Urban Development's

19  ("HUD") procedures for setting the applicable rent.  It further

20  provides that "the gross rent cannot exceed the applicable

21  payment standard by bedroom size as established by the [Housing]

22  Authority pursuant to the then current Roseville Housing

23  Authority Administrative Plan, in accordance with applicable

24

25          [1]Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
26  Local Rule 78-230(h).

27          [2]The Agency and the Roseville Housing Authority (the
    "Authority") are separate legal entities.  However, for purposes
28  of the present Motion, they will be treated interchangeably.

                                 3

[HUD] regulations."  Def.'s Notice of Removal, Ex. A-3:
Regulatory Agreement, Recital B.

    In early 2005, Maidu completed construction on a low-income
housing project in Roseville, California (the "Project").  The
Project is a 76-unit rental housing development restricted to low
and very low income senior citizens who are qualified to avail
themselves of HUD's Section 8, Housing Choice Voucher Program.
In September 2005, the Agency conducted an initial monitoring of
the Project and discovered that eleven tenants were being charged
rent in excess of the maximum permissible under the regulatory
agreement.  Plaintiffs advised PGI that it was in breach of the
regulatory agreement by charging excessive rent.  PGI then
amended the incorrect leases but did not provide for any
reimbursement of the overcharged rent prompting the Agency to
file the present action.

**STANDARD**


    A defendant may remove any civil action from state court to
federal district court if the district court has original
jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally,
district courts have original jurisdiction over civil actions in
two instances: (1) where there is complete diversity between the
parties, or (2) where a federal question is presented in an
action arising under the Constitution, federal law, or treaty.
28 U.S.C. §§ 1331 and 1332.
///
///

4

1  ///

2  ///

3      The removing party bears the burden of establishing federal

4  jurisdiction.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389,

5  1393 (9th Cir. 1988).  Furthermore, courts construe the removal

6  statute strictly against removal.  *Gaus v. Miles, Inc.*, 980 F.2d

7  564, 566 (9th Cir. 1992) (citations omitted).  If there is any

8  doubt as to the right of removal in the first instance, remand

9  must be granted.  *See Gaus*, 980 F.2d at 566.  Therefore, if it

10 appears before final judgment that a district court lacks subject

11 matter jurisdiction, the case shall be remanded to state court.

12 28 U.S.C. § 1447(c).

13     The district court determines whether removal is proper by

14 first determining whether a federal question exists on the face

15 of the plaintiff's well-pleaded complaint.  *Caterpillar, Inc. v.*

16 *Williams*, 482 U.S. 386, 392 (1987).  If a complaint alleges only

17 state-law claims and lacks a federal question on its face, then

18 the federal court must grant the motion to remand.  *See* 28 U.S.C.

19 § 1447(c); *Caterpillar*, 482 U.S. at 392.  Nonetheless, there are

20 rare exceptions when a well-pleaded state-law cause of action

21 will be deemed to arise under federal law and support removal.

22 They are " . . . (1) where federal law completely preempts state

23 law, (2) where the claim is necessarily federal in character, or

24 (3) where the right to relief depends on the resolution of a

25 substantial, disputed federal question."  *ARCO Envtl. Remediation*

26 *L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d

27 1108, 1114 (9th Cir. 2000)(internal citations omitted).

28 ///

5

1   ///

2   ///

3       If the district court determines that removal was improper,

4   then the court may also award the plaintiff costs and attorney

5   fees accrued in response to the defendant's removal.  28 U.S.C. §

6   1447(c).  The court has broad discretion to award costs and fees.

7   *Balcorta v. Twentieth-Century Fox Film Corp.*, 208 F.3d 1102, 1106

8   n.6 (9th Cir. 2000).  The Supreme Court has clarified that the

9   standard for awarding fees pursuant to Section 1447(c) should

10  turn on the reasonableness of the removal.  *Martin v. Franklin*

11  *Capital Corp.*, 126 S. Ct. 704, 711 (U.S. 2005).  Absent unusual

12  circumstances, courts may award attorney's fees under § 1447(c)

13  only where the removing party lacked an objectively reasonable

14  basis for seeking removal.  *Id.*  Conversely, when an objectively

15  reasonable basis exists, fees should be denied.  *Id.*

16

17                            **ANALYSIS**

18

19  **1.    Federal Question Jurisdiction**

20         **A.    Well Pleaded Complaint**

21

22      The Agency first contends that this Court lacks federal

23  jurisdiction to hear the present matter because no federal

24  question exists on the face of its well pleaded complaint.

25  Specifically, the Agency clarifies that its Complaint contains

26  only three state law claims seeking declaratory and injunctive

27  relief as well as damages related to the alleged contractual

28  breach by Defendants.  Agency Motion to Remand, p. 5:16-19.

                                6

1  ///

2  ///

3  The Agency further avers that the central issue upon which the

4  resolution of this matter will turn is whether PGI breached

5  Section 52 of the regulatory agreement by charging rates that

6  exceeded the maximum rents authorized by the Authority.  *Id.* at

7  p. 5:21-23.

8      Defendants rebut that the Agency has essentially clothed

9  federal claims as state claims but that the Court should "push

10  aside" those labels and recognize that the claims are controlled

11  exclusively by federal law.  Def.s' Opp., p. 9:1-3.   In

12  particular, Defendants contend that the controlling issue here is

13  whether the Authority has the power to set the rent levels for

14  HUD's Section 8 housing program pursuant to federal law.  Def.s'

15  Opp., p. 2:7-10.

16      For nearly a century, the well-pleaded complaint rule has

17  governed removal actions.  *See Aetna Health, Inc. v. Davila*, 542

18  U.S. 200, 124 S.Ct. 2488, 2494 (2004); *Franchise Tax Board of*

19  *Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1,

20  9-10 (1983); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S.

21  149, 152 (1908).  The rule states that if a federal question is

22  not presented on the face of the plaintiff's complaint, then the

23  action cannot be removed to federal court.  *Franchise Tax Board*,

24  463 U.S. at 10-11.  Unlike state courts, federal courts are

25  courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins.*

26  *Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, the well-pleaded

27  complaint rule operates to avoid upending federalism and creating

28  serious jurisdictional conflicts between federal and state

7

1  courts.  *Franchise Tax Board*, 463 U.S. at 9-10.

2  ///

3       The well-pleaded complaint rule "makes the plaintiff the

4  master of the claim."  *Caterpillar, Inc. v. Williams*, 482 U.S.

5  386, 392 (1987).  Certainly, in the present action the Agency

6  could have elected to frame its claims pursuant to the HUD

7  regulations that dictate the maximum rents permissible.

8  Nonetheless, the Agency chose not to avail itself of a federal

9  forum.  Instead, it chose to seek redress in a state forum as it

10 is legally permitted to do.  Further, the Agency's Complaint

11 contains no federal question on its face.  Rather, the Agency is

12 seeking declaratory relief as to Defendants' compliance with

13 Section 52 of the regulatory agreement, injunctive relief

14 enjoining Defendants from violating the regulatory agreement and

15 damages for any injury suffered.  These claims do not invoke a

16 federal question.  Consequently, unless Defendants can show that

17 the Agency's right to declaratory or injunctive relief depends on

18 the resolution of a substantial, disputed federal question, this

19 action must be remanded.  *ARCO*, 213 F.3d at 1114.

20      Defendants attempt to raise a federal question by alleging

21 that an examination of the HUD regulations is necessary to the

22 disposition of the present action.  While Defendants may be quite

23 correct on that score, their argument nonetheless fails.  Even

24 assuming that the HUD regulations must be examined to determine

25 the merits of Plaintiff's claims, those regulations are only

26 being raised as a defense.  It is well settled that a defense

27 which raises a federal question is insufficient to confer federal

28 jurisdiction.  *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S.

1   804, 808 (1986)(citations and quotations omitted.

2   ///

3       As noted above, the Court must construe the removal statute

4   strictly against removal.  *Gaus*, 980 F.2d at 566.  The Agency's

5   well plead Complaint clearly does not state a federal question.

6   To the extent federal law is relevant to the disposition of the

7   controversy, it is raised as a defense which is insufficient to

8   confer federal jurisdiction.  Accordingly, the Court finds that

9   remand of the present action is warranted.

10

11  **2.   Attorneys Fees**

12

13      The Agency is seeking to recover the attorney's fees it

14  accrued in moving for remand.  The appropriate test for awarding

15  fees under Section 1447(c) should recognize the desire to deter

16  removals sought for the purpose of prolonging litigation and

17  imposing costs on the opposing party, while not undermining

18  Congress' basic decision to afford defendants a right to remove

19  as a general matter, when the statutory criteria are satisfied.

20  *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (U.S. 2005)

21      The Agency avers that it is entitled to an award of

22  attorney's fees because Defendants sought removal despite the

23  fact that the Agency's claim rests solely on state law grounds

24  with only an insubstantial federal ingredient.  Agency Motion to

25  Remand, P. 10:3-4.  The Supreme Court has recently instructed,

26  however, that the standard for awarding fees should turn on the

27  reasonableness of the removal.  *Id.*  Absent unusual

28  circumstances, courts may award attorney's fees under § 1447(c)

only where the removing party lacked an objectively reasonable basis for seeking removal.  *Id.* Conversely, when an objectively reasonable basis exists, fees should be denied.  *Id.*

The Court finds that this is not an unusual circumstance where the Defendants lacked any objectively reasonable basis for seeking to have this matter heard in a federal court.  Rather, Defendants raised the reasonable argument that the merits of this controversy could only be resolved by examination of the HUD regulations.  Although the Court rejected that argument, Defendants' removal was not objectively unreasonable rendering an award of attorney's fees improper.

**CONCLUSION**

The Court finds that this matter should be remanded because there is no federal question.  Accordingly, the Agency's Motion for Remand is GRANTED.  The Court further DENIES the Agency's request for attorney's fees and costs.

IT IS SO ORDERED.

DATED: April 20, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

10